## GENERAL PROVISIONS AND STANDARD CHARGE

## INTRODUCTION

### A.    Purpose of Charge

I am now going to tell you about the principles of law governing this case. You are required to accept my instruction as the law. You should consider these instructions as a whole, and do not pick out any particular instruction and place undue emphasis upon it. Any ideas you have of what the law is or what the law should be or any statements by the attorneys as to what the law may be, must be disregarded by you, if they are in conflict with my charge.

### B.    Role of the Court

I sit here as the judge of the law. As part of this responsibility, I have made various rulings and statements throughout this trial. Do not view these rulings and statements as clues about how I think this case should be decided. They are not. They are based solely on my understanding of the law and rules of evidence and they do not reflect any opinions of mine about the merits of this case. Even if they did, you should disregard them, because it is your role to decide this case, not mine.

### C.    Role of the Attorneys

The lawyers are here as advocates for their clients. In their opening statements and in their summations they have given you their views of the evidence and their arguments in favor of their clients' position. While you may consider their comments, nothing that the attorneys say is evidence and their comments are not binding upon you.

1

**D.    Role of the Jury**

You sit here as judges of the facts. You alone have the responsibility of deciding the

factual issues in this case. It is your recollection and evaluation of the evidence that controls. If

the attorneys or I say anything about the facts in this case that disagrees with your recollection of

the evidence, it is your recollection that you should rely on. Your decision in this case must be

based solely on the evidence presented and my instructions on the law.

**E.    The Evidence**

The evidence in this case consists of:

      1.    the testimony that you heard from the witness;

      2.    the exhibits that have been marked into evidence; and

      3.    the deposition testimony.

Further, I gave a limiting instruction on the computer demonstration by Mr. Pietrylo.

That evidence must be considered by you for that purpose only. You cannot use it for any other

purpose.

**F.    Burden of Proof**

Plaintiffs bear the burden of proving their claims. In other words, Plaintiffs must prove

each of their allegations of unauthorized access to stored electronic information and  invasion of

privacy by a preponderance of the evidence.

## G.    Preponderance of the Evidence

This is a civil case. Plaintiffs are the parties who brought this lawsuit. Defendant is the party against whom the lawsuit was filed. Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means Plaintiffs have to prove to you, in light of all of the evidence, that what they claim is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to defendant on opposite sides of the scales, Plaintiffs would have to make the scales tip somewhat on their side. If Plaintiffs fail to meet this burden, the verdict must be for defendant. If you find after considering all of the evidence that a claim or a fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

3

**H.    Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence (sometimes called inferences) consists of a chain of circumstances pointing to the existence of certain facts. Circumstantial evidence is based upon deductions or logical conclusions that you reach from the direct evidence.

Let me give you an example of direct and circumstantial evidence. If a witness testified that he or she observed snow falling last night, that would be an example of direct evidence. On the other hand, if a witness testified that there was no snow on the ground before going to sleep and that when he or she arose in the morning the ground was snow covered, you could infer from these facts that it snowed during the night. That would be an example of circumstantial evidence.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## I.    Credibility

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe here are some factors you may want to consider:

1.    Does the witness have an interest in the outcome of this case?

2.    How good and accurate is the witness' recollection?

3.    What was the witness' ability to know what he/she was talking about?

4.    Were there any contradictions or changes in the witness' testimony? Did the witness say one thing at one time and something different at some other time? If so, you may consider whether or not the discrepancy involves a matter of importance or whether it results from an innocent mistake or willful lie. You may consider any explanation that the witness gave explaining the inconsistency.

5.    You may consider the demeanor of the witness. By that I mean the way the witness acted, the way the witness talked, or the way the witness reacted to certain questions.

6.    Use your common sense when evaluating the testimony of a witness. If a witness told you something that did not make sense, you have a right to reject that testimony. On the other hand if what the witness said seemed reasonable and logical, you have a right to accept that testimony.

7.    Is the witness' testimony reasonable when considered in the light of other evidence that you believe?

5

## DELIBERATIONS

When you retire to the jury room to deliberate, you may take with you your notes, if any, and the exhibits that the court has admitted into evidence. Juror No. 1 is your foreperson. She will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other, influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence, but you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you

6

change your mind just for the purpose of attaining enough votes for a verdict. When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your vote should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. Since this is a civil case, any verdict of 6-3 is a legal verdict. Therefore, it is not necessary that all jurors agree on each question. An agreement of any six jurors is sufficient. All eight jurors must deliberate fully and fairly on each and every question, and all eight jurors must determine and vote upon each question. It is not necessary that the same six jurors agree upon the answers to all questions. Whenever at least six jurors have agreed to any answer, that question has been decided, and you may move on to consider the remaining questions in the case if it is appropriate to do so. All eight jurors must participate fully in deliberating on the remaining questions. A juror who has been outvoted on any question shall continue to deliberate with the other jurors fairly, impartially, honestly, and conscientiously to decide the remaining questions. Each juror must consider each question with an open mind.

When at least six of you have agreed upon a verdict, knock on the jury room door. Indicate to the attendant that you have reached a verdict and say nothing more. The attendant will

escort you back to the jury box so that the court may receive your verdict.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached agreement of six of you as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## NO PERSONAL SYMPATHIES OR DISLIKES

Your oath as jurors requires you to decide this case fairly and impartially, without sympathy, passion, bias, or prejudice. You are to decide this case solely upon the evidence that you find believable, in accordance with the rules of law that I have given you.

Sympathy is an emotion which is normal for human beings. However, any sympathy you may feel must be put aside, and must play no part in your thinking and in the decision you reach in the jury room.

Similarly, your decision must not be based upon any bias or prejudice which you may have developed for or against any of the parties or attorneys.

The parties and the public expect that you will fairly and impartially consider all the evidence in this case, follow the law as I have instructed you, and reach a just verdict.

**USE OF DEPOSITION TESTIMONY**

During the trial of this case, certain testimony has been presented to you by way of deposition. A deposition is simply sworn recorded answers to questions asked of a witness in advance of the trial by one or more of the attorneys for the parties to the case. You must give this testimony the same consideration as if the witness had been present and had testified from the stand.

**EXPERT TESTIMONY**

You have heard testimony from an individual described as expert. The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be experts, and they also state their reasons for the opinion.

You should consider the expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**PROXIMATE CAUSE**

If you find that Houston's violated either the federal Stored Communications Act or the New Jersey Wiretapping and Electronic Surveillance Control Act or intentionally interfered with the Plaintiffs' right to privacy, you must also find that the conduct was a proximate cause of the harm claimed by the Plaintiffs before you can find that Houston's was responsible for either Brian Pietrylo's or Doreen Marino's claimed loss of income and, in the case of Mr. Pietrylo, his claimed emotional distress. It is the duty of the Plaintiffs to establish, by the preponderance of evidence, that Houston's conduct was a proximate cause of the harm alleged.

The basic question for you to resolve is whether the emotional distress claimed by Mr. Pietrylo or the lost wages claimed by both Plaintiffs is so connected with the actions of Houston's that you decide it is reasonable, in accordance with the instructions I will now give you, that Houston's should be held responsible for the harm that is claimed.

By proximate cause, I refer to a cause that in a natural and continuous sequence produces the wrong claimed by the Plaintiffs and without which the resulting loss or harm would not have occurred. A person who violates the statutes at issue here or intentionally violates a person's right to privacy is held responsible for any harm injury, loss or harm that results in the ordinary course of events from that conduct.

This means that you must first find that the resulting loss claimed by the Plaintiffs would not have occurred but for Houston's violation of the Stored Communications Act or the New Jersey Wiretapping and Electronic Surveillance Control Act or the intentional invasion of the Plaintiffs' privacy. Second, you must find that Houston's conduct was a reasonably probable factor in bringing about the resulting injury or loss or harm. By reasonably probable, I mean that

12

the cause is not remote, trivial or inconsequential.

If you find that Houston's violated the statutes at issue here or intentionally invaded the plaintiff's privacy and that such conduct was a reasonably probable factor in bringing about the losses or harm claimed, then you should find that Houston's was a proximate cause of the lost income claimed by the Plaintiffs and/or the emotional distress claimed by Mr. Pietrylo.

**AGENCY**

A corporation, such as Houston's in this case, may act only through natural persons who are its officers, employees or agents.  Generally, any officer, employee or other agents of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated to him or her by the corporation, or by acts and declarations made within the scope of his or her duties as an officer, employee or agent of the corporation.

In this case, it is agreed that TiJean Rodriguez, Robert Anton and Robert Marano, were at the relevant time acting as employees of the Defendant, Houston's, their employer, and that they were acting within the scope of their employment.

**THE STATUTORY CLAIMS**

The  federal Stored Communications Act and the New Jersey Wiretapping and Electronic Surveillance Control Act state that a person or entity may not "knowingly" or "intentionally" or "purposely"  access without authorization a facility through which an electronic communication service is provided in order to obtain an electronic communication.

The law also states that the statute does not apply "to conduct authorized . . . by a user of that service with respect to a communication . . . intended for that user."

I charge you that Karen St. Jean was an authorized user of the MySpace.com service and was authorized to access the Spectator.  Those are facts stipulated by the parties.

To establish that Houston's is liable for violating the statutory claims in this case, Plaintiffs must prove by a preponderance of the evidence that: A Houston's manager knowingly, intentionally, or purposefully accessed without authorization Karen St. Jean's myspace page using her MySpace password to access the Spectator.

In deciding this question, you must make determinations about the state of mind of the Houston's managers at certain times.  Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, a person's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine the managers' state of mind, i.e. what they knew and what they intended, at a particular time, you may consider evidence about what they said, what was said to them, what they did or failed to do, how they acted, what they were told and all of the other facts and circumstances  shown by the evidence that may prove what was in the managers'  minds at that time.  It is entirely up to you to decide what the evidence presented

during this trial proves, or fails to prove, about their state of mind.

The terms "knowingly," "purposefully" and "intentionally" as those terms are being used in these instructions, means that the act was done voluntarily and intentionally and not because of ignorance, mistake or accident.

In this case you must determine whether the Houston's managers acted with a knowing, intentional or purposeful state of mind. Proof of a "knowing, intentional or purposeful" state of mind means proof by a preponderance of the evidence that the Houston's managers were consciously aware of the nature of their actions and of the surrounding facts and circumstances necessary to establish that they did not have authorization to use Karen St. Jean's MySpace password to access the Spectator. It means that accessing the Spectator without authorization must have been the managers' conscious objective or desire.

16

## INVASION OF PRIVACY

Plaintiffs also claim that Houston's invaded their right to privacy. In order to prove this claim, the Plaintiffs must show that they had a reasonable expectation of privacy in The Spectator and that Houston's intentionally intruded upon their private communications, solitude or seclusion. One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for the invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

In order to prove this claim, the Plaintiffs must prove by a preponderance of the evidence that (1) The Spectator was a place of solitude or seclusion in Plaintiffs' personal or private affairs and concerns; (2) the Plaintiffs had an objectively reasonable expectation of privacy in their postings on The Spectator and (3) that Houston's intentionally intruded upon their private communications, solitude or seclusion in a manner that would be highly offensive to a reasonable person.

In order to prevail, the Plaintiffs must prove by a preponderance of the evidence all of the elements which I will now define for you.

First, the Plaintiffs must prove that The Spectator was a place of seclusion or solitude in which the Plaintiffs placed their private affairs or concerns. In other words, did the Plaintiffs create the Spectator to be a place of seclusion or solitude for their affairs or concerns.

Second, the Plaintiffs must prove by a preponderance of the evidence that they had a reasonable expectation of privacy in the contents of The Spectator. It is not enough that Plaintiffs believed that The Spectator was private or that they had designated it private. The expectation of privacy must also be objectively reasonable. In deciding whether an expectation of privacy is

17

objectively reasonable, you must consider the totality of the circumstances from all the evidence you have heard. You may consider factors such as whether others had access to the Plaintiffs' communications; how many others had access; whether others could permit third parties to view Plaintiffs' private communications; who was invited to participate in Plaintiffs' communications; and whether any restrictions were placed on an invitee's ability to share Plaintiffs' communications.

Third, the Plaintiffs must also prove that the intrusion into the privacy of their communications was intentional. In this claim, "intentional" means that a person desires to cause the consequences of his act or that he believes that the consequences are substantially certain to result from it. "Intrude" means to thrust oneself into private communications without invitation, permission or welcome. An "intrusion on seclusion" involves a defendant who does not believe that he has either the necessary personal permission or legal authority to do the intrusive act.

Finally, Plaintiffs must also prove that Houston's access to The Spectator was a substantial interference with the Plaintiffs' seclusion of a kind that would be highly offensive to the ordinary reasonable person, and that this interference with their seclusion was the result of conduct to which a reasonable person would strongly object. By "a reasonable person" it is not meant the most sensitive person nor one who is unusually resilient, but rather a person of reasonable sensitivity, resilience, assertiveness and prudence.

**DAMAGES**

I am now going to instruct you on damages. Just because I am instructing you regarding damages does not mean that I have any opinion on whether or not Houston's should be held liable. Plaintiffs have the burden of proving damages by a preponderance of the evidence.

**COMPENSATORY DAMAGES**

If you find for the Plaintiffs on any of their claims, then you must consider whether Plaintiffs incurred any compensatory damages. You must award each Plaintiff an amount that will fairly compensate him or her for any injury he or she actually sustained as a result of Houston's conduct as to which you found Houston's liable. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put each Plaintiff in the position he or she would have occupied if the wrongful conduct had not occurred.

Plaintiffs must show that the damage alleged would not have occurred without Houston's acts. Plaintiffs must also show that Houston's acts played a substantial part in bringing about the damage, and that the damage was either a direct result or a reasonably probable consequence of Houston's acts.

There can be more than one cause of an injury. To find that Houston's acts caused a Plaintiff's injury, you need not find that Houston's acts were the nearest cause, either in time or space. However, if a Plaintiff's injury was caused by a later, independent event that intervened between Houston's act and the Plaintiff's injury, Houston's is not liable unless the injury was reasonably foreseeable by Houston's.

In determining the amount, if any, of damages that you decide to award, you should be

guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork.

Mr. Pietrylo is claiming that his employment termination caused emotional distress. You may award damages for pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that you find plaintiff Pietrylo experienced as a consequence of Houston's conduct.

You may not award any damages to compensate plaintiff Pietrylo for any litigation-induced stress which could include emotional distress, anxiety or depression caused by this litigation, including the filing of the case, the discovery process, depositions, examinations, the parties' motions to this court, or any events relating to this trial. Any such stress, distress or emotional distress is not compensable in this case.

Plaintiff Marino is not seeking damages for emotional distress or the like.

No evidence of the monetary value of such intangible things as emotional distress has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. The award, if any, you make should be fair in light of the evidence presented at the trial.

20

**BACKPAY**

If you find that Plaintiffs have prevailed on any of their claims and you find that Plaintiffs' loss of employment was a direct result of any wrongful conduct you find attributable to Houston's, then you must determine the amount of damages that Houston's actions have caused Plaintiffs. Each Plaintiff has the burden of proving damages by a preponderance of the evidence.

You may award actual damages in an amount that reasonably compensates each Plaintiff for any lost wages and benefits taking into consideration any increases in salary and benefits, that Plaintiff would have received from Houston's had they not been terminated in violation of their right to privacy.

For Mr. Pietrylo, his back pay damages, if any, are the three weeks he did not work between his termination at Houston's and his subsequent employment at Morton's. He claims this amount is $2,500.

For Ms. Marino, back pay damages, if any, would be the difference between her earnings in 2006 and her earning in 2007. This amount is $903.

You are instructed that Plaintiffs have a duty under the law to "mitigate" their damages -- that means that Plaintiffs must take advantage of any reasonably similar opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Houston's. It is Houston's burden to prove that Plaintiffs have failed to mitigate. So if Houston's persuades you by a preponderance of the evidence that Plaintiff failed to take advantage of a similar opportunity that was reasonably available to them, then you must reduce the amount of Plaintiffs' damages by the amount that could have been reasonably obtained if they had taken advantage of such an opportunity.

**ADDITIONAL JURY QUESTIONS**

You will be asked two questions at the end of your jury questionnaire.  Those questions concern whether Plaintiffs have proven,  by clear and convincing evidence, that the harm suffered by the plaintiff was the result of defendant's actions or omissions  and that either (1) the defendant's conduct was malicious or (2) the defendant acted in wanton and willful disregard of another's rights.  Malicious conduct is intentional wrongdoing in the sense of an evil-minded act. This "intentional" conduct is different from the "intentional" state of mind required to find that the defendant's conduct violated the Stored Communications Act. .  In terms of deciding these questions,  you are asked to determine whether the defendant intentionally engaged in an "evil-minded act."

Willful or wanton conduct is a deliberate act or omission with knowledge or a high degree of probability of harm to another who foreseeably might be harmed by Defendant's acts or omissions and reckless indifference to the consequence of the acts or omissions.  With respect to these questions,  conduct must be so morally reprehensible that it implies a criminal indifference to civil obligations.  I instruct you that Plaintiffs' burden of proof as to Defendant's intent may not be satisfied by evidence of any degree of negligence, even gross negligence.

Remember that I instructed you that with respect to these questions, the Plaintiffs must prove certain factors by clear and convincing evidence.  Clear and convincing evidence means that standard of evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.  This standard does not mean that the Plaintiff must persuade you beyond a reasonable doubt, but it does require more than a preponderance of evidence.