Place a check mark by each answer which represents the result of your deliberations:

**I.  Violation of the Federal Stored Communications Act and the New Jersey Wire Tapping & Electronic Surveillance Control Act.**

With respect to Plaintiffs' claim that Houston's violated the Federal Stored Communications Act and the New Jersey Wire Tapping & Electronic Surveillance Control Act, answer the following question based upon your findings by a preponderance of the evidence:

1. Did Houston's knowingly or intentionally or purposefully access The Spectator without authorization from Karen St. Jean?

    Yes __X__   No _____

If you answered this question "No" write "No Cause" at the bottom of the page and proceed to the next page. If you answered "Yes," answer Question 2 on this page.

2. How many times did Houston's knowingly, purposefully or intentionally access the Spectator without authorization. __5__.

**PROCEED TO THE NEXT PAGE**

## II. Invasion of Privacy

With respect to Plaintiffs' claim that Houston's intentionally invaded their right to privacy, answer the following questions based upon your findings by a preponderance of the evidence:

3. Was The Spectator a place of solitude and seclusion which was designed to protect the Plaintiffs' private affairs and concerns?

Yes  X   No _____

If you answered "No" to this question, do not answer any further questions and proceed to the next page. If you answered "Yes" proceed to Question 4.

4. Did the Plaintiffs have a reasonable expectation of privacy in the Spectator?

Yes _____   No  X 

If you answered "No" to this question, do not answer any further questions and proceed to the next page. If you answered "Yes," proceed to Question 5.

5. Did Houston's intentionally intrude upon Plaintiffs' solitude or seclusion by its actions?

Yes _____ No _____

If you answered "No" to this question, do not answer any further questions and proceed to the next page. If you answered "Yes," proceed to Question 6.

6. Would Houston's actions be highly offensive to a reasonable person?

Yes _____ No _____

**PROCEED TO THE NEXT PAGE**

If you entered "No Cause" at the bottom of both pages 1 and 3, then your deliberations are completed and you should notify the court that you are ready to return your verdict.

If you answered "Yes" to Question 1 OR you answered "Yes" to all of Questions 3-6 then you should proceed to the next page.

**DAMAGES**

A.   **Brian Pietrylo:**

If you find that Houston's conduct was a reasonably probable factor in any harm to Brian Pietrylo, state what sum will fairly and reasonably compensate him: for

Emotional distress:        $ 0

Back Pay:        $ 2,500   (Not to exceed $2,500.00)

B.   **Doreen Marino**

If you find that Houston's conduct was a reasonably probable factor in any harm to Doreen Marino, state what sum will fairly and reasonably compensate her.

Back Pay:        $ 903.   (Not to exceed $903.00)

**PROCEED TO THE NEXT PAGE**

**ADDITIONAL JURY QUESTIONS**

If you answered "Yes" to Question 1 or if you answered "Yes" to all of Questions 3-6, answer the following questions:

1. Do you find by clear and convincing evidence that the conduct of Houston's which you found to be wrongful was wanton or wilful? "Wanton or wilful" means a deliberate act or omission with knowledge or a high degree of probability of harm to another who foreseeably might be harmed by defendant's acts or omissions and reckless indifference to the consequences of the acts or omissions. The conduct must be so morally reprehensible that it implies a criminal indifference to civil obligations.

    Yes _____   No __X__

2. Do you find by clear and convincing evidence that the conduct of Houston's which you found to be wrongful was malicious. Malicious conduct is intentional wrongdoing in the sense of an evil minded act.

    Yes __X__   No _____

**YOUR DELIBERATIONS ARE NOW COMPLETED. NOTIFY THE COURT.**

6