UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN PIETRYLO, et. al.

                Plaintiffs,

v.

HILLSTONE RESTAURANT GROUP
d/b/a HOUSTON'S,

                Defendants.

Hon. Faith R. Hochberg, U.S.D.J.

Hon. Patty Shwartz, U.S.M.J.

Civil Action No. 06-5754 (FSH)

DOCUMENT FILED ELECTRONICALLY

---

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION**

**FOR ATTORNEY FEES AND LITIGATION COSTS**

**PURSUANT TO RULE 54(d)**

---

Ramp & Pisani, LLP
60 Westervelt Avenue
P.O. Box 249
Tenafly, New Jersey 07670
201-567-8877
Attorneys for Plaintiffs – Brian Pietrylo and
Doreen Marino

ON THE BRIEF:

Fred J. Pisani, Esq.

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................... ii

**PRELIMINARY STATEMENT** ................................................... 1

**LEGAL ARGUMENT:**

**PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEY FEES AND OTHER LITIGATION COSTS PURSUANT TO THE FEDERAL STORED COMMUNICATIONS ACT AND THE NEW JERSEY WIRE TAPPING AND ELECTRONIC SURVEILLANCE ACT.** ................................................... 2

# TABLE OF AUTHORITIES

CASES

*City of Riverside vs. Rivera*, 477 US 561 (1986) ......................... 5

*Hensley vs. Eckerhart*, 461 US 424, 433, 103 S.Ct. 1933, 76 L. Ed. 2d 40 (1983) ......................... 3, 5

*Northeast Woman's Center vs. McMonagle*, 889 F. 2d 466 (C.A.3) (Pa.) (1989) ......................... 4, 5, 6

*Pennsylvania vs. Dell Valley Citizens Counsel for Clean Air*, 478 US 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) ......................... 3

*United Auto Workers Local 259 Social Sec. Dep. vs. Metro Auto Center*, 501 F. 3d 283 (CA3)(NJ)(2007) ......................... 4, 6


STATUTES & RULES

18 USCA §2701(a)(1-2) ......................... 2

18 USCA §2707(a) ......................... 2

18 USCA §2707(b) ......................... 2

18 USCA §2707(c) ......................... 3, 6

ERISA 19 USC §1001-1461 ......................... 4

Fed. R. Civ. P. 54(d) ......................... 3

## **PRELIMINARY STATEMENT**

Plaintiffs rely upon the facts as outlined in the attorney affidavit submitted herewith.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEY FEES AND OTHER LITIGATION COSTS PURSUANT TO THE FEDERAL STORED COMMUNICATIONS ACT AND THE NEW JERSEY WIRE TAPPING AND ELECTRONIC SURVEILLANCE ACT.

Section 2701 of the Federal Stored Communications Act (hereinafter referred to as "SCA") creates a criminal offense for whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided" … and by doing so "obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." 18 USCA §2701(a)(1-2).

Section 2707 provides a private cause of action for "any…other person aggrieved" by a violation of this section. 18 USCA §2707(a). Under Section 2707, the district court may award equitable or declaratory relief, a reasonable attorneys fee and other costs and "damages under subsection (c)." 18 USCA §2707(b).

Subsection (c) provides:

"The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiffs and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000.00. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court." Id. §2707(c).

On June 16, 2009, after a week-long trial, the jury returned a verdict in plaintiffs' favor and against the defendant, finding that the defendant had violated the federal and state statutes five (5) times, and that their conduct was malicious. They also awarded plaintiffs the sum of

$3,403.00 in damages for lost back pay. Pursuant to a stipulation between the parties, the court also awarded punitive damages of four (4) times the compensatory damages, or $13,612.00.

Pursuant to Rule 54(d), the plaintiffs have filed the within application seeking an award of reasonable attorney fees and costs which are permitted under the above referenced statutes.

Under the SCA, a party who is successful in enforcing liability under this statute, is entitled to recover "reasonable attorney fees and costs". 18 USCA 2707(c).

In the Third Circuit, the most useful starting point for determining the amount of a reasonable attorney fee is the "lode star calculation". *Hensley vs. Eckerhart*, 461 US 424, 433, 103 S.Ct. 1933, 76 L. Ed. 2d 40 (1983).

Under this well settled approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. The product is a presumptively reasonable fee, but it may still require subsequent adjustment. Id. at 434; see also *Pennsylvania vs. Dell Valley Citizens Counsel for Clean Air*, 478 US 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986).

Applying this lode star calculation to the case at bar, plaintiffs' itemized legal bill for services rendered evidences that 432.9 hours were expended in litigating this three-year litigation. Plaintiffs' counsel charged at the rate of $300.00 per hour, which is clearly a reasonable hourly rate within the area and industry. Multiplying the number of hours expended by this reasonable hourly rate, less the voluntary reduction, plaintiffs' counsel seeks an award of $123,270.00 as a reasonable attorney fee. This is a presumptively reasonable fee.

The question becomes: should the court downwardly adjust the lode star because the fee award is disproportionate to the amount of actual damages, including punitive damages, or

3

because the plaintiffs were not completely successful on all of their claims? The answer to these questions should be answered in the negative.

The courts in the Third Circuit have rejected this so-called rule of proportionality. *United Auto Workers Local 259 Social Sec. Dep. Vs. Metro Auto Center*, 501 F. 3d 283 (CA3)(NJ)(2007); see also *Northeast Woman's Center vs. McMonagle*, 889 F. 2d 466 (C.A.3) (Pa.) (1989).

In *United Auto Workers*, the fund sued an employer under ERISA 19 USC §1001-1461. The fund sought $1,928.00 in unpaid contributions. Prior to summary judgment motion, the employer paid 50% of this claim, but refused to pay the additional $964.00. Following the filing of a summary judgment motion, summary judgment was entered for the fund. Thereafter, the fund filed an application for attorney fees and costs in excess of $35,000.00. The court entered an order for attorney fees and costs in excess of $28,000.00 even though the amount of damages was $964.00. Id. at 292.

In *Northeast Woman's Center*, the jury found the defendants liable under the RICO statute (civil rights violation) and assessed $887.00 in damages which was tripled by the court to $2,661.00.

Following a variety of motions, the district court entered a judgment for an award of $64,946.00 in attorney fees and costs. On appeal, the third circuit court of appeals affirmed. *Northeast Woman's Center*, 889 F 2d 466 (C.A.3 (P.A.) 1989).

In *Northeast Woman's Center*, the defendants argued that the fees and costs awarded to the plaintiff under the statute were not rationally related to plaintiff's damages. They further argued that the dis-proportionality between the award of attorney fees ($64,946.00) and the $887.00 in RICO damages (trebled to $2,661.00) rendered the fee award improper as a matter of

4

law, and that the court erred by not excluding compensation for time spent on the litigation of non-RICO claims. The court rejected all of these claims in turn. First, the court rejected the rule of proportionality. Id. at 472-475.

In so finding, the court noted that if congress had believed that attorney fees under the statute should only be awarded in sum proportions of the plaintiffs damages, it could have easily eliminated or modified the attorney fees provision of the statute. It did not. As a result, the court chose not to impose a change by judicial fiat. Id. at 475.

In rejecting the defendants other arguments, the court noted the novelty and complexity of the legal and factual issues presented, and the time, labor, and effort required to successfully present the RICO claim. It further noted that the many hours expended by plaintiff's counsel which were necessitated by the defendant's vigorous trial and pre-trial litigation and that the defendant's failure to make a reasonable timely settlement offer and then to vigorously and tenaciously litigate the matter, the defendant would not later then be heard to complain about the time necessarily spent by the plaintiff in response. Id. at 472-478 (quoting *City of Riverside vs. Rivera*, 477 US 561 (1986)). Lastly, the court stated that in cases where the plaintiff's successful and unsuccessful claims involve a common core of facts or related legal theories or where much of counsel's time is dedicated to the litigation as a whole, it is often impossible to divide counsel's time on a precise claim-by-claim basis. *Northeast Woman's Center vs. McMonagle*. Id. at page 477. (citing *Hensley v Eckerhart*, 461 US 242, 435).

Applying this reasoning to the case at bar, the court should not reduce plaintiffs' request for counsel fees based upon the so-called rule of proportionality.

In addition, the court should also not reduce plaintiffs' request for attorney fees because the plaintiffs were successful on some of their claims and unsuccessful on others.

5

As in *Northeast Woman's Center*, the case at bar involved novel and complex legal issues involving the federal and state statutes. There was substantial time, labor, and effort required to successfully present and succeed on the statutory claims.

Many of the hours expended by plaintiffs' counsel were necessitated by the defendant's vigorous pre-trial and post-trial litigation tactics. Defendant also has failed to ever make a good faith bona fide offer to settle this matter.

Lastly, plaintiff's successful and unsuccessful claims involved a common core of facts and related legal theories which is almost impossible to divide counsel's time on a precise claim-by-claim basis.

Neither the United States Supreme Court or the Third Circuit has yet to address whether or not to downwardly adjust an attorney fee available under 18 U.S.C.A. 2707 to keep it proportional to the damages.

Based upon the reasoning in *Northeast* and *UAW*, it is respectfully submitted that the court should not in this case.

The SCA specifically allows a reasonable attorney fee when a claimant is successful in enforcing the liability under the statute. 18 U.S.C.A 2707(c). Here, the plaintiffs were clearly successful in enforcing liability under the statute. Defendant was found to have violated the statute five (5) times, and their conduct was found to be malicious.

"Had Congress believed that attorney fees should be awarded only in some proportion to plaintiff's damages, it could have easily eliminated or modified the attorney fee provision of the statute." *Northeast Woman's Center v. McMonagle*, 889 F. 2d 466, 474 (C.A. 3 (Pa.) 1989); *United Auto Workers Local 259 Social Sec. Dep. v. Metro Auto Center*, 501 F. 3d 283, 298 (C.A. 3 (NJ) 2007).

6

The statutory language of the SCA only speaks of a successful finding on liability only. It does not mention damages or the amount of damages as a limitation on the application for an award of reasonable attorney fees.

Lastly, plaintiffs' counsel has made an effort to reduce the application for legal fees for legal services rendered which were clearly unrelated to the statutory claims.

Based upon the foregoing, plaintiffs respectfully request that the court enter an award of $123,270.00 as a reasonable attorney fee and $1,988.27 for other litigation costs.

        Respectfully submitted,

        RAMP & PISANI, LLP
        Attorneys for Plaintiffs
        60 Westervelt Avenue
        P.O. Box 249
        Tenafly, New Jersey  07670

Dated:  7/20/09         BY: /s/Fred J. Pisani
        Fred J. Pisani, Esq.