# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

DONNA DUBETH GARDINER
Direct dial: (973) 425-8143
dgardiner@mdmc-law.com

August 18, 2009

*Via Electronic Filing*

Hon. Faith S. Hochberg, U.S.D.J.
U.S. District Court, District of N.J.
U.S.P.O. & Courthouse Bldg.
Federal Square
50 Walnut Street, Room 369
Newark, New Jersey 07102

    Re:    **Brian Pietrylo, et al., v. Hillstone Restaurant Group d/b/a Houston's**
            Civil Action No. 06-5754 (FSH)
            MDMC File No.: H0392-1003

Dear Judge Hochberg:

    This firm represents defendant Hillstone Restaurant Group d/b/a Houston's ("Houston's") in the above-entitled matter. This is to object to the Reply Certification in Support of Plaintiffs' Motion Pursuant to Rule 54 (the "Reply Certification") filed on behalf of plaintiffs.

    The Reply Certification in this situation is particularly objectionable here, and the Court should decline to consider it. The controlling case law demands that an application for attorneys' fees must establish "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Despite this clear, fundamental threshold requirement, plaintiffs' Motion Pursuant to Rule 54 made only passing reference to the hourly rate sought by plaintiffs' counsel. *See* Defendant's Brief in Opposition to Plaintiffs' Motion For Attorney Fees And Other Litigation Costs Pursuant to Fed. R. Civ. P. 54(d)(2) at 13-15. Plaintiffs omitted the minimum quantum of evidence required to be submitted in support of their Motion. The Reply Certification is an attempt (a facially insufficient one) to remedy this omission, in a setting where Houston's cannot respond because our opposition has already been submitted.

    Courts in the District of New Jersey have not hesitated to refuse to consider reply submissions containing facts or argument that should have been submitted in a moving party's original Motion papers. "A moving party may not raise new issues and present new factual

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Faith S. Hochberg, U.S.D.J.
August 18, 2009
Page 2

materials in a reply brief that it should have raised in its initial brief." *D'Alessandro v. Bugler Tobacco Co.*, 2007 U.S. Dist. LEXIS 2735, 4-5 (D.N.J. Jan. 12, 2007). *See also Bayer AG v. Schein Pharmaceutical, Inc.*, 129 F. Supp.2d 705, 716 (D.N.J. 2001), *aff'd* 301 F.3d 1306 (3rd Cir. 2002).

This is not a situation where plaintiffs are attempting to rebut some subtle factual point raised in defendant's opposition. Rather, they are attempting to submit on reply crucial facts that should have been established in their moving papers and that defendant was entitled to investigate and contest. The Court should refuse to consider the Reply Certification on this basis.

Moreover, a substantial portion of the Reply Certification is hearsay and should be stricken on this ground. Specifically, paragraph 6 is explicitly hearsay, and it does not even purport to offer any specifics as to information required by the controlling case law, *e.g.*, the comparable experience of the referenced attorneys in civil rights or employment matters.

I therefore respectfully request that the Court strike the Reply Certification, and also reiterate Houston's request that in the event that any fee is to be awarded, the Court conduct a hearing with regard to the reasonableness of the hourly rate requested by plaintiffs.

Thank you for your courtesies.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

s/Donna duBeth Gardiner

Donna duBeth Gardiner

DdBG:bar

cc:   Fred Pisani, Esq. (via electronic filing)