<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRIAN PIETRYLO and DOREEN MARINO, | : |
|  | : Civil Case No. 06-5754 (FSH) |
|  | : |
| Plaintiffs, | : |
|  | : <u>**OPINION & ORDER**</u> |
| v. | : |
|  | : Date: September 25, 2009 |
| HILLSTONE RESTAURANT GROUP D/B/A HOUSTON'S, | : |
|  | : |
| Defendant. | : |

<u>**HOCHBERG, District Judge**</u>.

This matter comes before the Court upon Plaintiffs' Motion to Amend Judgment pursuant to Fed. R. Civ. P. 59(e). The Court has considered the parties' submissions pursuant to Federal Rule of Civil Procedure 78; and

it appearing Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment," Fed. R. Civ. P. 59(e); and

it appearing that on June 16, 2009, following a week-long trial, the jury returned a verdict in favor of Plaintiffs, finding that Defendants had violated the Federal Stored Communications Act and the New Jersey Wire Tapping and Electronic Surveillance Control Act; and

it appearing that, on the basis of such finding, the jury awarded back pay damages in the amount of $2,500 to Plaintiff Pietrylo and $903 to Plaintiff Marino; and

it appearing that the jury also found Defendants' conduct to be malicious, thereby entitling Plaintiffs to an award of punitive damages; and

it appearing that pursuant to a stipulation between the parties, the award of punitive damages will equal four times the amount of compensatory damages awarded by the jury; and

it appearing that Plaintiffs now seek to "amend the judgment to provide statutory damages to Brian Pietrylo in the amount of $5,000 and to Doreen Marino in the amount of $5,000;" and

it appearing that Defendants argue that this motion should be denied on the grounds that it is premature, among other reasons; and

it appearing that judgment has not yet been entered in this case and, therefore, Plaintiffs' motion is untimely;

**IT IS** on this 25th day of September, 2009,

**ORDERED** that Plaintiffs' Motion to Amend Judgment Pursuant to Rule 59(e) is **DENIED** as premature; and it is further

**ORDERED** that the parties shall meet and confer and, no later than **October 29, 2009**, submit a **joint** proposed form of judgment, reflecting the award of compensatory damages reached by the jury on June 16, 2009 and an award of punitive damages in accordance with the parties' stipulation, as well as any supplemental amount required to satisfy the statutory damages provision of the statutes at issue.[1]

---

[1] In pertinent part, the Stored Communications Act provides that "[t]he court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000." 18 U.S.C. § 2707(c). The New Jersey Wire Tapping and Electronic Surveillance Act includes an identical provision. N.J.S.A. 2A:156A-32. No evidence was offered in this case regarding any profits made by Houston's as a result of the violations, and it would appear to be impossible even to identify any potential profits derived from the violations in this case. Therefore, the issue of any alleged profit by Houston's has not been preserved and shall not factor into the statutory damages calculation.

**__/s/ Hon. Faith S. Hochberg__**
Hon. Faith S. Hochberg, U.S.D.J.